UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-358 (DSD/JJK)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>ROXANNE MERRELL,  )<br>)<br>Defendant.  ) | **SUPPLEMENTAL BRIEFING REGARDING ADAM WALSH ACT CONDITIONS** |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Katharine T. Buzicky, Assistant United States Attorney, respectfully submits this additional briefing in support of its motion to detain the defendant pursuant to Title 18, United States Code, Section 3142(e). The United States expressly reincorporates its prior motion seeking the detention of defendant Roxanne Merrell. [Doc. No. 7].

## LEGAL FRAMEWORK

The Adam Walsh Child Protection Safety Act of 2006 ("Adam Walsh Act"), Pub.L. 109–248, 120 Stat. 587 (July 27, 2006), outlines pre-trial conditions placed on defendants charged with production of child pornography, and other crimes referred to in § 3142(e)(3)(E), in the event a court does not detain them.

Under the Adam Walsh Act, if a defendant rebuts the presumption found in subsection (e)(3)(E), the judicial officer must impose, in fashioning "the least restrictive further conditions", electronic monitoring and five enumerated conditions, one of which

is to "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." § 3142(c)(1)(B)(v). Congress's directive is clear, unequivocal and mandatory. Id. ("In *any case that involves a minor victim* under section … 2251 … of this title, any release order *shall contain at a minimum*, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).") (emphasis added). These conditions are commonly referred to as the "Adam Walsh Act conditions."

## ARGUMENT

**I.  The Adam Walsh Act Prohibits Contact between the Defendant and Her Victim or Potential Witnesses.**

Defendant is charged with producing child pornography images of a child referred to in these pleadings as Minor A.  Minor A was about 8 years old at the time of the offense, and is currently in in defendant's care.  Defendant produced pictures of herself engaged in sexual contact with Minor A for a sex offender named Travis Guenthner, who offered to pay her money for them.

The Adam Walsh Act was enacted "to protect the public from sex offenders and offenders against children . . . ." Pub. Law No. 109-248, § 102 (2006).  In passing the Act, Congress determined that defendants in certain categories of child pornography offenses, if they are not detained, should be required to comply with mandatory conditions, including a no-contact order between a defendant and a victim. Protection of victims has long been the aim of federal criminal law.  "There is no doubt that preventing danger to the community is a legitimate regulatory goal." United States v. Salerno, 481

U.S. 739, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); see also See e.g. Osborne v. Ohio, 495 U.S. 103, 109 (1990) ("It is evident beyond the need for elaboration that a State's interest in safeguarding the physical and psychological well-being of a minor is compelling."); United States v. Comstock, 560 U.S. 126, 165 (2010) (Thomas, J., dissenting) ("To be sure, protecting society from violent sexual offenders is certainly an important end. Sexual abuse is a despicable act with untold consequences for the victim personally and society generally.").

The plain language of Section 3142(c) makes clear that these conditions are not discretionary. They apply to all similarly situated defendants, and they are logical conditions designed to safeguard the community and protect children at risk of sexual abuse and exploitation. Furthermore, they allow for the effective supervision of defendants by United States Probation and Pre-trial Services officers.

The Eighth Circuit recently upheld a facial challenge to two of the mandatory conditions, location monitoring and curfew. United States v. Stephens, 594 F.3d 1033 (8th Cir. 2010). Notably, Stephens involved a defendant who was trafficking in child pornography images he did not produce. In contrast, Merrell was producing images using a live child in her care, a far more serious offense. "The government has a significant interest in ensuring the safety of the community in general and specifically in protecting children from being victimized by those who commit child [sex] related offenses." Stephens, 594 F.3d at 1041 (Smith, J., concurring). The Adam Walsh Act conditions are appropriate for a defendant who is trafficking in child pornography

images, and they are necessary for a defendant who is herself charged with creating child pornography.

If defendant continues to be responsible for Minor A's care and allowed daily contact with her, a number of victim-related services will be frustrated.  For example, Victim Notification Service reports and correspondence will be directed to Minor A in care of defendant.  Further, defendant may be responsible for bringing Minor A to meeting with prosecutors and law enforcement, and providing Minor A with transportation to hearings and/or trial.[1]

Finally, the opportunities for defendant to influence (either overtly or indirectly) the testimony of Minor A are vastly expanded if the two are living in the same home or otherwise in regular contact. There is, simply put, no more vulnerable witness than a child who is the victim of sexual exploitation.  Minor A should not be in daily contact with the woman who used her to create child pornography for money.

## II.    The Crime Victims Rights Act Provides Additional Protections for the Victim in this Case

The Crime Victims' Rights Act (CVRA), Title 18, United States Code, Section 3771, also applies in this case.  Section 3771(a)(1) of the CVRA provides victims with the "right to be reasonably protected from the accused."  That provision of the CVRA is violated if Minor A is in daily contact with defendant.  Unfortunately, Washington County child protective services personnel have decided to maintain daily contact

---

[1]    The United States intends to move for the appointment of a guardian *ad litem* for Minor A, pursuant to Title 18, United States Code, Section 3509.  It should be noted, however, that a guardian *ad litem*'s role is limited in scope and, if the Adam Walsh Act conditions are not applied, defendant will still have daily access to Minor A.

between Minor A and her abuser. However, the federal system takes a strong stand toward the protection of victims, and especially the protection of child victims. As the Adam Walsh Act places mandatory conditions on defendants accused of child exploitation, the CVRA sounds the key themes that guide our treatment of crime victims—protection from the accused, and the "right to be treated with fairness and with respect for the victim's dignity." 18 U.S.C. § 377(a)(8). The law requires, and fairness demands, that Minor A be protected from Roxanne Merrell.

## CONCLUSION

The government respectfully repeats its request that the Court detain defendant because no conditions will reasonably assure the safety of the community and the defendant's appearance before the Court, as established by (1) clear and convincing evidence that the defendant is a danger to the community and (2) a preponderance of the evidence that the defendant is a risk of flight. However, if the Court finds that defendant has overcome the presumption in favor of detention, the Adam Walsh Act conditions are mandatory, and defendant may not have any contact with her victim, or with potential witnesses in the instant case.

Dated: November 10, 2014

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/Katharine T. Buzicky*

By: KATHARINE T. BUZICKY
Assistant United States Attorney
Attorney ID No. 671031MA